**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUTHERFORD BOAT SHOP, INC.,

     Plaintiff,

  v.

THE VESSEL "MOONSHADOW," formerly
known as "ROBIN," her engines, boats, tackle,
apparel, and furniture, No. 287487,

     Defendant.

_____/

No. C-12-35-DMR

**ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

   Plaintiff Rutherford Boat Shop, Inc. moves the court pursuant to Federal Rule of Civil
Procedure 55(b)(2) and Admiralty Local Rule 6-2(b) for entry of a default judgment against
Defendant The Vessel "Moonshadow," formerly known as "Robin," her engines, boats, tackle,
apparel, and furniture, U.S. Documentation No. 287487, in the total amount of $23,050.80 and for
an order for attachment, condemnation, and public auction of the vessel to pay the $23,050.80.[1]
(Req. for Entry of Default J; Mem. of P. & A. ("Pl.'s Mot.") 1; Mem. of Supp. Briefing 2.)  Plaintiff
has consented to the jurisdiction of the court pursuant to 28 U.S.C. § 636(c).  [Docket No. 7.]
Therefore, the undersigned may exercise jurisdiction to conduct all proceedings in this *in rem*
matter, including the entry of judgment. *See United States v. Real Property*, 135 F.3d 1312, 1314-17
(9th Cir. 1998).  For the reasons given below, the court grants Plaintiff's motion.

### I. Background & Procedural History

   In 2006, Michael Sanford, who resides in New York, purchased The Moonshadow, which
was berthed in Richmond, California.  (Rutherford Decl. ¶¶ 2-3, Mar. 30, 2012; *accord* Heath Decl.

---

[1] Plaintiff has withdrawn its request for court costs as untimely.  (Mem. of Supp. Briefing 2.)

¶¶ 3-4, Apr. 20, 2012 .)  At the time of purchase, Sanford contracted with Plaintiff for continued berthing at Plaintiff's then-location.  (Rutherford Decl. ¶ 3.)  Some time thereafter, Sanford informed Plaintiff's Chief Executive Officer, Jeffrey Rutherford, that he transferred title of the vessel to Moonshadow, LLC, a Delaware limited liability company which Sanford managed.  (Rutherford Decl. ¶ 5.)   Through early 2009, Sanford paid "on an irregular basis" for the berthing and other repair charges for "necessaries"[2] supplied to the vessel.[3]  (Rutherford Decl. ¶ 3.)

When Plaintiff moved to a different location in Richmond, it subcontracted for berthing for The Moonshadow directly across from Plaintiff's prior location.  (Rutherford Decl. ¶ 4.)  On or around March 1, 2009, Sanford authorized Plaintiff to replace defective bilge pumps and perform other repairs on The Moonshadow after learning that the vessel appeared to be taking on water.  (Rutherford Decl. ¶ 6.)  The work cost $791.30.  (Rutherford Decl. ¶ 6.)  In November 2009, Sanford asked that the vessel be transported to Plaintiff's new location for further repairs.  (Rutherford Decl. ¶ 7.)  The tow fee was $150.00, and, at that juncture, the accumulated berthing costs had reached $6,000.00.  (Rutherford Decl. ¶ 7.)  The following month, Plaintiff hauled The Moonshadow out of the water and removed the mast, boom, tackle, and sails, which it folded and stored, and placed the vessel in shrink-wrapped plastic.  (Rutherford Decl. ¶¶ 8-9.)  The combined cost of these procedures came to $3,260.00.  (Rutherford Decl. ¶¶ 8-9.)  From December 1, 2009 through October 1, 2010, Plaintiff stored the mast, boom, and tackle at a rate of $100.000 per month, and the sails and other gear for $25.00 a month, for a total cost of $1,250.00.  (Rutherford Decl. ¶¶ 10-11.)  The Moonshadow remained in Plaintiff's dry storage area from December 1, 2009 through December 2011, at a monthly charge of $400.00, for a total of $9,600.00.  (Rutherford Decl. ¶ 12.)  The vessel's storage costs since January 1, 2012 through May 29, 2012, at a rate of $13.33 per day (the monthly $400.00 cost divided by 30 days) totaled $1,999.50.  (*See* Rutherford Decl. ¶ 13.)

---

[2] "Necessaries" include "repairs, supplies, towage, and the use of a dry dock."  46 U.S.C. § 31301(4).

[3] In his capacity as owner of The Moonshadow or an officer or agent of Moonshadow, LLC, Sanford had legal authority to procure necessaries for the vessel.  46 U.S.C. § 31341(a)(1), (4)(C).

United States District Court

For the Northern District of California

When the owner of The Moonshadow failed to pay for the necessaries that Plaintiff provided, a maritime lien attached to the vessel pursuant to 46 U.S.C. § 31342, which states that:

> (a) . . . a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner– (1) has a maritime lien on the vessel; (2) may bring a civil action in rem to enforce the lien; and (3) is not required to allege or prove in the action that credit was given to the vessel.

§ 31342(a).  On January 4, 2012, Plaintiff filed this *in rem* action to collect on the debts that the owner of The Moonshadow has accrued to date, $23,050.80.[4]  (*See* Pl.'s Mot. 2; Rutherford Decl. ¶ 16; Mem. of Supp. Briefing 2.  *See generally* Compl.)

On that same day, Plaintiff moved the court to issue an arrest warrant for The Moonshadow. [Docket Nos. 4, 6.]  The court granted the motion and issued the warrant two days later.  [Docket Nos. 8, 10.]  Plaintiff simultaneously moved to substitute itself as the custodian of The Moonshadow [Docket No. 5], which the court also granted [Docket No. 9].  The United States Marshal served the arrest warrant on Plaintiff, as the vessel's custodian, on January 11, 2012.  [Docket No. 13.] Plaintiff served the summons, complaint, order issuing the arrest warrant, and other Court documents upon Sanford, Moonshadow, LLC, and Cory A. Binberg, whom Plaintiff assumed to be Sanford's counsel,[5] (Alexander Decl. ¶ 2, Apr. 4, 2012; *see* Rutherford Decl. ¶ 15), by United States mail on February 3, 2012.  [Docket No. 11.]  Plaintiff also gave public notice of the arrest and of this *in rem* action by publication in a newspaper having general circulation in the Northern District of California.  [Docket No. 12.]  On April 5, 2012, Plaintiff moved the Court for entry of default [Docket No. 14 Attach. 1], which the Court granted on April 18, 2012.  [Docket No. 17.]  Plaintiff now moves for a default judgment.  The court held a hearing on May 24, 2012.  No claimant for Defendant appeared.

## II. Default Judgment

### A. Legal Standard

---

[4] This sum includes the storage costs accrued through the date of this order.

[5] Binberg repeatedly contacted Plaintiff's counsel "on behalf of Michael Sanford" for settlement discussions.  (Alexander Decl. ¶ 2.)  However, Binberg did not make an appearance on behalf of Sanford or his interests in this matter.  (Alexander Decl. ¶ 2.)

**United States District Court**
For the Northern District of California

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. *First Interstate Bank of Cali. v. M/Y Wanda*, No. 96-1058 CW, 1996 WL 721694, at *3 (N.D. Cal. Oct. 7, 1996) (not reported in F. Supp). Whether to enter a judgment lies within the court's discretion. *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986).

Before assessing the merits of a default judgment in an *in rem* action brought pursuant to § 31342(a), a court must confirm that it has subject matter jurisdiction over the case and *in rem* jurisdiction over the defendant, as well as ensure the adequacy of service upon those who may have an interest in the defendant. *See Crescent City Harbor Dist. v. M/V Intrepid*, No. 08-1007-JCS, 2008 WL 5211023, at *2-3 (N.D. Cal. Dec. 11, 2008) (not reported in F. Supp. 2d). The court then may grant a default judgment if the requirements in Admiralty Local Rule 6-2(b) have been met: "(1) Notice has been given as required by Admir. L.R. 6-1(a)(2) and (b)(2); (2) The time to answer has expired; and (3) No one has filed a verified statement of right of possession or ownership interest in the property." N.D. Cal. Admiralty L.R. 6-2(b).

**B. Analysis**

The court finds that it has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1333 (vesting district courts with original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction") and 46 U.S.C.§ 31342(a) (allowing person with maritime lien against private vessel to bring *in rem* suit to enforce lien). (*See also* Compl. ¶¶ 5-14 (pleading elements for § 31342(a) claim).) It exercises *in rem* jurisdiction over The Moonshadow because the vessel is located within the Northern District of California (Compl. ¶ 4; Rutherford Decl. ¶¶ 7-13), it was "arrested pursuant to maritime process," and "the warrant[] w[as] successfully served" [*see* Docket Nos. 10, 13]. *Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 424 F.3d 852, 858 (9th Cir. 2005); *Crescent City Harbor Dist.*, 2008 WL 5211023, at *3; *accord* Fed. R. Civ. P. Supp. C(2)-(3).

Regarding the adequacy of service of process, Federal Rule of Civil Procedure Supplemental Rule C requires that "[i]f the property that is the subject of the action is a vessel or tangible property on board a vessel, the warrant and any supplemental process must be delivered to the marshal for

**United States District Court**
For the Northern District of California

service." Fed. R. Civ. P. Supp. C(3)(b)(i).  Supplemental Rule C(4) also mandates that a plaintiff

"give public notice of the action and arrest [of the vessel] in a newspaper designated by court order

and having general circulation in the district . . . . The notice must specify the time under Rule C(6)

to file a statement of interest in or right against the seized property and to answer." Fed. R. Civ. P.

Supp. C(4); *see* N.D. Cal. Admiralty L.R. 4-2(a) (providing further details needed in publication

notice); *see also* N.D. Cal. Civil L.R. 77-4(b) (listing appropriate newspapers for publication notice).

For actions in which a plaintiff seeks a default judgment, Local Admiralty Rule 6-1(a) also requires

that

> due notice of the action and arrest of the property has been given: . . . . (2) . . . (i) By
> publication as required in Fed. R. Civ. P. Supp. C(4); (ii) By service upon the master
> or other person having custody of the property; and (iii) By service under Fed. R. Civ.
> P. 5(b)[6] upon every other person who has not appeared in the action and is known to
> have an interest in the property.

N.D. Cal. Admiralty L.R. 6-1(a).  The court has reviewed the proofs of service and other documents,

and finds that Plaintiff complied with all of these rules and, therefore, that proper service was made.

[*See* Docket Nos. 11-13, 18 Attach 1.]

The court also finds that the factors listed in Admiralty Local Rule 6-2(b) have been met.  As

noted above, Plaintiff has provided notice in accordance with Admiralty Local Rule 6-1(a)(2) and

(b)(2).  [*See* Docket Nos. 11-13, 18 Attach 1.]  Furthermore, the time to answer – February 13, 2012,

*see* Fed. R. Civ. P. Supp. C(6)(a)(i) – has expired, and no one has filed a verified statement of right

of possession or ownership interest in the property.  Accordingly, the court will enter a default

judgment against The Vessel Moonshadow.

### III.  Remedy

Plaintiff presents evidence that the value of the maritime lien against which it wishes to

foreclose is $23,050.80.  (*See* Rutherford Decl. ¶¶ 6-13, 16.)  Having reviewed Plaintiff's accounting

of the necessaries, the court finds them reasonable.

### IV. Conclusion

---

[6] Rule 5(b) permits service by "mailing it to the person's last known address."  Fed. R. Civ. P.
5(b)(2)(C).

**United States District Court**
For the Northern District of California

1    For the foregoing reasons, the court GRANTS Plaintiff's motion for entry of a default

2    judgment against The Vessel Moonshadow, formerly known as "Robin," her engines, boats, tackle,

3    apparel, and furniture, U.S. Documentation No. 287487, in the amount of $23,050.80.  Plaintiff shall

4    recover this amount from the foreclosure of its lien against The Moonshadow, which the court

5    ORDERS to be accomplished through a public sale, to be conducted by the Marshal, pursuant to

6    Admiralty Local Rule 9-2.  The court shall retain jurisdiction over this action through the completion

7    of sale of The Moonshadow and related proceedings.

8    IT IS SO ORDERED.

9

10   Dated: May 29, 2012

11

12   DONNA M. RYU
     United States Magistrate Judge

13

IT IS SO ORDERED

Donna M. Ryu

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28